IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES FIDELITY AND GUARANTY COMPANY; ST PAUL MARINE AND FIRE INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; and TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY,<br><br>                Defendants. | No. CV-09-263-HU<br><br>OPINION & ORDER |

James M. Hillas
DUNN CARNEY ALLEN HIGGINS & TONGUE LLP
851 S.W. Sixth Avenue, Suite 1500
Portland, Oregon 97204

Christopher M. Caputo
LESS GETZ & LIPMAN, LPC
100 Peabody Place, Suite 1150
Memphis, Tennessee 38103

    Attorneys for Plaintiff

/ / /

/ / /

/ / /

1 - OPINION & ORDER

Nicholas L. Dazer
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204-2089

   Attorney for Defendants

HUBEL, Magistrate Judge:

   Plaintiff Fireman's Fund Insurance Company brings this indemnity, contribution, and subrogation action against defendants United States Fidelity & Guaranty Company, St. Paul Marine & Fire Insurance Company, Travelers Casualty & Surety Company, and Travelers Property Casualty Insurance Company (collectively "Travelers"). Defendants move to dismiss plaintiff's claims for common law indemnity and equitable contribution.

   All parties have consented to entry of final judgment by a Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). I deny the motion.

## BACKGROUND

   The following facts are taken from the First Amended Complaint.

   Grayco Resources, Inc. owned certain real property located at 737 SW 17th Avenue in Portland (referred to as "the Project"). From July 1, 1997, to June 30, 2000, Grayco obtained property insurance coverage for the Project in three separate policies: (1) from July 1, 1997 to June 30, 1998; (2) from July 1, 1998, to June 20, 1999; and (3) from July 1, 1999, to June 30, 2000. Each is referred to separately in the singular ("Travelers Policy") and collectively in the plural ("Travelers Policies").

   Plaintiff began insuring the Project at the end of the final Travelers Policy on July 1, 2000.

2 - OPINION & ORDER

The Project was a five-story apartment building that was substantially completed in early 1998. Following its completion, water intrusion was observed inside the building which resulted in the need for costly periodic maintenance of the Project. The Project's general contractor and design team began efforts to correct the water intrusion problem.

Grayco hired a research and design firm to conduct a pervasive investigation of the Project. The firm reported its findings to Grayco in August 2003. The findings showed that water damage had occurred since construction and had deteriorated portions of the Project to the point of imminent collapse.

Grayco notified Travelers and plaintiff of the results of its investigation and made claims for the loss associated with the property damage under the Travelers policies and plaintiff's policies. Travelers refused and failed to pay Grayco for the loss.

In February 2005, plaintiff paid Grayco $589,000 on account of the loss. And, in connection with the loss, plaintiff incurred legal expenses of $18,319.24. As a result, the total amount paid by plaintiff in connection with the loss is $607,319.24 (referred to as "Fireman's Fund Payment").

Plaintiff alleges that the claim it paid was a continuing loss that had accrued during the period of time that Travelers insured the Project, even though the extent of the damage suffered from the continuing loss was not discovered until Grayco received the result of its investigation in August 2003. As a result, plaintiff contends, Travelers is legally required to reimburse plaintiff for those monies that plaintiff paid to Grayco, their mutual insured, on behalf of Travelers.

STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. Holden v Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) will be granted only if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. at 1965 (citations and internal quotations omitted).

DISCUSSION

Based on the facts recited above, plaintiff brings three claims:  common law indemnity, equitable contribution, and equitable subrogation.  Defendants move to dismiss the indemnity and contribution claims.

I. Indemnity Claim

The allegations specifically in support of the indemnity claim are as follows:  during the time that the Project was insured under the Travelers Policies, Grayco incurred property damage to the Project, which resulted in financial loss.  Subsequently, Grayco

4 - OPINION & ORDER

made a claim against Travelers under the Travelers Policies for the loss, but Travelers wrongfully and without justification failed to pay Grayco its claim arising out of such property damage. First Am. Compl. at ¶ 13.

Travelers was under a continuing obligation to reimburse Grayco for the property damage to the Project that accrued during the term of the Travelers Policies even at such time that Fireman's Fund commenced to insure the Project. Id. at ¶ 14. By paying the full amount of Grayco's property damage claim in connection with the Project, plaintiff discharged both its and Travelers' duties to Grayco relative to the property damage claim. Id. at ¶ 15.

Because plaintiff paid money to Grayco for the benefit of Travelers and discharged Travelers' liability under the terms and conditions of the Travelers Policies, plaintiff contends it is entitled to indemnification from Travelers for the amount of its payment to Grayco on behalf of Travelers in an amount to be determined at trial, but not less than $220,000. Id. at ¶ 16.

Defendants make two arguments in support of dismissing this claim. First, they argue that plaintiff has not alleged that it shared a "common," yet alone "identical" duty Travelers owed to Grayco. Second, defendants contend that plaintiff does not claim, as between plaintiff and Travelers, that Travelers should pay all of the monies that plaintiff paid to Grayco.

Defendants rely solely on Safeco Insurance Company v. Russell, 170 Or. App. 636, 13 P.3d 519 (2000), in support of their first argument. There, the plaintiff's insureds were in an automobile accident with the defendant. Under the uninsured motorist (UM) coverage of the insurance policy, the plaintiff paid its insureds

5 - OPINION & ORDER

for their damages and injuries as a result of the accident. The plaintiff then sued the defendant for common-law indemnity.

In its complaint, the plaintiff alleged that it was entitled to indemnity because the defendant's "'fault is active, primary and of a different character than the liability of plaintiff to [its insureds], which is based on contract.'" Id. at 638, 13 P.3d at 520 (quoting Complaint; ellipsis and brackets omitted). The Complaint also alleged that in "'comparing the fault or liability of the parties, it is such that law and equity should require defendant to indemnify plaintiff for the sums it paid to [plaintiff's insureds].'" Id. (quoting complaint, brackets omitted).

The trial court granted the defendant's motion to dismiss for failure to state a claim. The court reasoned that the plaintiff failed to allege facts sufficient to state a cause of action for common law indemnity because the plaintiff failed to allege that the plaintiff and the defendant had a common duty to a third party in either tort or contract. Id.

On appeal, the parties agreed that because the plaintiff did not file the action against the defendant until more than five years after the accident, the basis for the plaintiff asserting an indemnity claim was the plaintiff's need to assert a claim that was not subject to the two-year statute of limitations that barred any subrogated claim for negligence that the plaintiff might have had against the defendant. Id. at 639, 13 P.3d at 520.

At the beginning of its discussion, the appellate court described the plaintiff's argument on appeal as follows:

Plaintiff argues that the trial court erred in holding

6 - OPINION & ORDER

> that the parties must share "identical legal duties to a third party in order for indemnity to be available." According to plaintiff, such a rule would undermine the equitable nature of common-law indemnity, which is designed to shift a loss to the party who, in fairness, ought to bear it. For the following reasons, we conclude that the trial court did not err.

Id.

The court then stated the standard for a common-law indemnity claim:

> In an action for common-law indemnity, the claimant must allege and prove that (1) he or she has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation should be discharged by the latter. Fulton Ins. v. White Motor Corp., 261 Or. 206, 493 P.2d 138 (1972) (relying on rule stated in Restatement of the Law of Restitution § 76 at 331 (1937)).
>
> * * *
>
> [I]t is not enough that the parties are each liable to plaintiff's insureds. In order to trigger a right of indemnity, their liability must also depend on a common duty. The test stated in Fulton must be understood accordingly.

Id. at 639, 640, 13 P.3d at 520, 521.

The court of appeals concluded that the common-law indemnity claim should be dismissed for failure to meet the second element-that "the parties did not owe a common duty to plaintiff's insureds[.]" Id. at 641, 13 P.3d at 521. The court explained that the plaintiff's relationship to its insureds was based on principles of contract which were distinct from the duty of care that the defendant owed the insureds in tort. Id. "A UM insurer such as plaintiff is entitled to subrogation against an alleged tortfeasor based on the contract with its insured." Id. But, without a common duty, no common law indemnity claim could be sustained.

7 - OPINION & ORDER

Based on Safeco, defendants here argue that parties to a common-law indemnity claim must owe an "identical" duty to a third party. Plaintiff responds that the "identical" language is taken from the court's description of the plaintiff's argument in Safeco, and is not the law which requires a "common" obligation, not an identical one.

I agree with plaintiff. The law, as stated in Safeco, is that a common duty is required. As can be seen from the quotes above, the court described the plaintiff's argument using the term "identical." Although the court stated that the trial court did not err, the use of the term "identical" was a quote from the plaintiff's argument. Every affirmative statement of the law by the Safeco court includes a reference to common duties, not identical ones. No other case supports defendants' position.

I reject defendants' argument that the parties in a common law indemnity action must have owed identical duties to a third party. It is sufficient that they owed a common obligation.

Plaintiff argues that both it and Travelers owed a common obligation with respect to the Grayco loss because they both insured the Property against risk of such loss. Plaintiff contends that as stated in its First Amended Complaint, the loss suffered by the insured was of a continuing nature. First Am. Compl. at ¶ 11 ("claim paid by [plaintiff] was a continuing loss . . . "). Plaintiff states that the state of imminent collapse associated with the Project at the time it compensated the insured was a result of damage that accrued over a period of years, during which both Travelers and plaintiff insured the Property. Plaintiff further states that both it and Travelers owed an obligation to the

8 - OPINION & ORDER

insured to cover the loss and because the loss suffered was a result of indivisible and continuing injury that occurred throughout both insurer's policy periods, the loss that plaintiff discharged was "common" to both Travelers and plaintiff. See Id. at ¶ 8 (water damage had occurred since construction and had deteriorated portions of the Project to the point of imminent collapse); Id. at ¶ 15 (by paying the full amount of Grayco's property damage claim, plaintiff discharged both its and Travelers' duties to Grayco relative to the property damage claim).

Although the Amended Complaint does not use the term "common duty," the allegations here suffice because plaintiff alleges that damage was ongoing, occurring during each policy's period, and that both plaintiff and Travelers had duties to Grayco relative to the damage caused by the water intrusion.

Next, defendants argue that the indemnity claim must be dismissed because plaintiff fails to seek all of the money it paid to Grayco. Defendants contend that by seeking only $220,000 out of the $607,319.24 it paid, the claim cannot be considered one for indemnity which defendants describe as "an all or nothing proposition." Defts' Mem. at p. 5.

As indicated above, the third element for a common-law indemnity claim requires that "as between the claimant and the defendant, the obligation should be discharged by the latter." Fulton Ins., 261 Or. at 210, 493 P.2d at 141. Defendants note that the use of the words "the obligation," with the definite article preceding the singular noun, means that the claim must relate to a singular, whole obligation. Defendants argue that because plaintiff seeks only part of the payment it made to Grayco,

9 - OPINION & ORDER

plaintiff cannot establish a common law indemnity claim.

Generally, I agree with defendants' understanding of the law. Oregon cases have clearly held that "[i]ndemnity is the shifting of responsibility from the shoulders of one person to another." Piehl v. The Dalles General Hosp., 280 Or. 613, 621, 571 P.2d 149, 153 (1977) (internal quotation omitted); Burton v. Mackey, 104 Or. App. 361, 364, 801 P.2d 865, 866 (1990) ("Indemnity shifts the loss to one who ought, in equity, to bear it."); see also Star Mountain Ranch v. Paramore, 98 Or. App. 606, 609, 780 P.2d 758, 759 (1989) (noting that in Fulton, the court explained that the claimant in a common-law indemnity claim, while legally liable to the injured third party, must have "secondary" as opposed to "primary" liability, or must have "passive" as opposed to "active" fault).

In this case however, the issue is not a single accident tort claim, nor is it a single breach of a single contractual obligation. Rather, the water intrusion suffered by the Property raises the issue of continuing occurrences, arising from leaks and damage from leaks. In such cases, while defendant may not be "primarily" liable for the entire sum paid by plaintiff to Grayco, defendant may indeed be primarily liable for segregable portions of the damage and when viewed in such a manner, equitable principles may justify shifting the entire responsibility for that portion to defendant as opposed to plaintiff.

For example, as I explained in oral argument on the motion, consider three hypothetical pieces of sheetrock in the Property that sustained damage as a result of water intrusion. The first piece was damaged only by a leak that first occurred during a Travelers' policy period, and the leak was repaired before

10 - OPINION & ORDER

plaintiff's policy period commenced. However, the damage from that leak was not repaired and this piece of sheetrock continued to deteriorate further, during the plaintiff's policy period.

The second piece of sheetrock was damaged by a leak that started during a Travelers policy period, and continued into the period when plaintiff's policy was in force. This leak caused damage in both policy periods. The damage during either policy period required replacement of the piece of sheetrock without consideration of the damage sustained during the other policy period.

The third piece of sheetrock was damaged as a result of a leak that did not occur until plaintiff's policy was in effect.

The law regarding common-law indemnity would not allow indemnity for the damage to the third piece of sheetrock. The second piece of sheetrock would be suitable for a claim of contribution, but not indemnity. But, the first piece of sheetrock suggests that a claim for common-law indemnity would be appropriate. The insurers owed a common duty to the insured and as between plaintiff and defendants, equity would view defendants as primarily liable.

The facts at issue here indicate that there may well be some causes and some damages/losses for which both plaintiff and defendants owed a common duty to Grayco, and for which plaintiff or defendants may be viewed as primarily or secondarily liable. As plaintiff noted during oral argument, it seeks "not less than $220,000," and thus, it is not restricting its damages request to only a portion of what it paid to Grayco. Because the facts as alleged in the Amended Complaint show that plaintiff may be able to

11 - OPINION & ORDER

establish that some portion of the money it paid arose out of a common duty owed to Grayco by plaintiff and defendants, but that as between plaintiff and defendants, defendants should be seen as primarily liable, I do not dismiss the common-law indemnity claim.

II. Equitable Contribution Claim

Plaintiff's second claim is for equitable contribution. In support of this claim, plaintiff makes the following allegations: during the time the Project was insured under the Travelers Policies, Grayco incurred property damage to the Project which resulted in financial loss. Subsequently, Grayco made a claim against Travelers under the Travelers Policies for the loss, but Travelers wrongfully and without justification failed to pay Grayco its claim arising out of such property damage. First Am. Compl. at ¶ 18. Plaintiff alleges that Travelers was under a continuing obligation to reimburse Grayco for the property damage to the Project that occurred during the term of the Travelers Policies even at such time that plaintiff commenced to insure the Project. Id. at ¶ 19. By paying Grayco's property damage claim in connection with the Project, plaintiff discharged both its and Travelers' duties to Grayco relative to the property damage claim. Id. at ¶ 20. Because plaintiff paid money to Grayco for the benefit of Travelers for a loss that should have been paid by Travelers under the Travelers Policies, plaintiff is entitled to equitable contribution from Travelers on account of its payment to Grayco in an amount to be determined at trial, but not less than $220,000. Id. at ¶ 21.

Defendants move to dismiss this claim because, defendants contend, plaintiff was required, under Oregon Revised Statute §

12 - OPINION & ORDER

(O.R.S.) 31.810[1], to commence the action within two years of the date that payment was made. According to paragraph 10 of the First Amended Complaint, payment to Grayco was made in February 2005. Defendants contend that the statute of limitations on plaintiff's contribution claim expired in February 2007. This action was not filed until January 2009, almost two years beyond the limitations period. Thus, defendants argue, the equitable contribution claim must be dismissed.

The statute, appearing in O.R.S. Chapter 31 which is entitled "Tort Actions," provides, in pertinent part:

> If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, the right of contribution of that tortfeasor is barred unless the tortfeasor has either:
>
> (a) Discharged by payment the common liability within the statute of limitations period applicable to the claimant's right of action against the tortfeasor and has commenced action for contribution within two years after payment; or
>
> (b) Agreed while action is pending against the tortfeasor to discharge the common liability and has within two years after the agreement paid the liability and commenced action for contribution.

O.R.S. 31.810(4).

I agree with plaintiff that O.R.S. 31.810(4) does not apply to plaintiff's contribution claim in this case. This case has no relationship to a tort claim, either in the underlying relationship between plaintiff, defendants, and Grayco, or between plaintiff and defendants as consecutive insurers. The statute of limitations for a claim by Grayco as to its insurance contracts, would be the six-

---

[1] Defendants mistakenly refer to O.R.S. 18.450. In 2003, the Oregon Legislature renumbered that statute to O.R.S. 31.810.

13 - OPINION & ORDER

year statute applicable to contract claims. O.R.S. 12.080(1). The tortfeasor contribution statute, by appearing in a chapter bearing the title "Tort Actions," and by using terms such as "injury," "wrongful death," and "tortfeasor," is limited to tort claims. This is not such a case. See Fireman's Fund Ins. Co. v. Oregon Auto Ins. Co., No. 06-35913, 2008 WL 4946279, at *2 (9th Cir. Nov. 6, 2008) (unpublished) ("Insurers that insure the same risk under separate policies with the insured are not joint tortfeasors or co-obligors").[2]

I further agree with plaintiff that this claim is equitable in nature. See Carolina Cas. Ins. Co. v. Oregon Auto Ins. Co., 242 Or. 407, 417, 408 P.2d 198, 203 (1965) ("[a]n insurer's rights against its co-insurer for contribution arises out of the equitable doctrine which holds that one who pays money for the benefit of another is entitled to be reimburse[d]. . . . Such rights do not

---

[2] Defendants chide plaintiff for citing this unpublished case. In the Ninth Circuit, however, unpublished dispositions issued after January 1, 2007, may be cited, though they are deemed "not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion." Ninth Cir. Rule 36-3; see also Fed. R. App. P. 32.1 (prohibiting courts from prohibiting or restricting the citation of federal judicial opinions that have been designated unpublished after January 1, 2007). Here, this recent statement of the relevant law by the Ninth Circuit is appropriately cited, even if it may not be deemed "precedent." Moreover, I reject defendants' argument that this statement of the law is specific to the environmental claim contribution statute, O.R.S. 465.480(4). While the court was analyzing the right to contribution in that particular statute, its statement regarding an insurer's rights against a co-insurer was a general statement of the law and was not restricted to the environmental claim context.

14 - OPINION & ORDER

arise by way of subrogation.") (citations omitted)[3]; see also TIG Ins. Co. v. Travelers Ins. Co., No. CV-00-1780-ST, 2003 WL 24051560, at *4 (D. Or. Mar. 24, 2003) (noting, in a case involving underlying allegations of sexual abuse, that Oregon law permits an insurer to seek contribution from another insurer for its respective share of a covered loss, and stating that "[t]his equitable right of contribution among consecutive insurers is beyond dispute").

As an equitable claim, plaintiff's contribution claim is subject to the doctrine of laches. Frasier v. Nolan, 195 Or. App. 211, 215, 98 P.3d 392, 395 (2004) ("A claim in equity is subject to the doctrine of laches, which dictates that a party may not delay in asserting a claim for an unreasonable amount of time after obtaining full knowledge of the relevant facts when the delay results in substantial prejudice to the opposing party.").

The laches inquiry looks at whether (1) the plaintiff unreasonably delayed its claim; (2) "with full knowledge of all relevant facts"; and (3) which resulted in such substantial prejudice to the defendant that it would be inequitable for the court to grant relief to the plaintiff. In re Marriage of Menard, 180 Or. App. 181, 185, 42 P.3d 359, 3262 (2002). "Courts often look to an analogous statute of limitation to define a presumptively reasonable period within which one may file a claim

---

[3] I attribute the Carolina Casualty's later statement that "[t]his is a law action," to be a description of how the court viewed the case for purposes of disposition on appeal. Given the context in which the statement was made, this is the most reasonable explanation for the court's statement which is at odds with the court's preceding explanation of the equitable origins of an insurer's rights to seek contribution from a co-insurer.

15 - OPINION & ORDER

in equity." Frasier, 195 Or. App. at 215, 98 P.3d at 395.

Plaintiff argues that O.R.S. 12.080, providing a six-year statute of limitations for actions upon a "contract or liability, express or implied," is most analogous to an equitable contribution claim. Plaintiff notes that in Owings v. Rose, 262 Or. 247, 497 P.2d 1183 (1972), the Oregon Supreme Court held that the six-year statute of limitations for contracts applied to a common law indemnity claim. Id. at 261-62, 497 P.2d at 1189-90. The court rejected the defendants' argument that the two-year tort statute should apply. Id.

Plaintiff contends that as with common law indemnity, equity is the guiding principle behind equitable contribution. Plaintiff notes that O.R.S. 12.080 applies to all actions relating to implied "contracts or liabilities." Because equitable contribution, like common law indemnity, creates an implied liability on the part of a nonpaying co-insurer, plaintiff argues that the six-year period of limitation is far more applicable than the two-year period imposed by O.R.S. 31.810.

Defendants contend that the statute of limitations that is most analogous to the equitable contribution claim is the statute set for statutory contribution, not the statute set for contract claims. O.R.S. 31.810(4). Defendants argue that under the doctrine of laches, the applicable analogous two-year statute creates a rebuttable presumption of unreasonableness by plaintiff in delaying the filing of the action. Defendants contend that plaintiff has not provided any allegations that could rebut the conclusion that its delay was unreasonable. Given the four-year delay between plaintiff's incursion of loss and the filing of the

16 - OPINION & ORDER

lawsuit, defendants argue that any reasonable jury should find that defendant suffered prejudice.

I agree with plaintiff. For the reasons explained above, O.R.S. 31.810 is not relevant to this claim, either as a statute of limitations applied directly to the claim, or as a "most analogous" statutes in a laches analysis. Instead, the applicable statute is O.R.S. 12.080. Because this is a six-year statute, it does not create a presumption of unreasonableness. To the contrary, it defines a presumptively reasonable period of time. And, any issues of reasonableness in the time of filing are inappropriate to address on a Rule 12(b)(6) motion to dismiss. See <u>Mattson v. Commercial Credit Bus. Loans</u>, 301 Or. 407, 420, 723 P.2d 996, 1003 (1986) ("What is an unreasonable length of time is determined by examining all the circumstances."). Similarly, the inquiry into any substantial prejudice to defendants is a factual one. Accordingly, I deny the motion to dismiss the equitable contribution claim.

CONCLUSION

Defendants' motion to dismiss (#3) is denied.

IT IS SO ORDERED.

Dated this __29th__ day of __July__, 2009.

__/s/ Dennis James Hubel__
Dennis James Hubel
United States Magistrate Judge

17 - OPINION & ORDER